FILED
FEB 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY CHAPPELL-JOHNSON,  :
   901 Falls Lake Drive  :
   Mithellville, Maryland 20721,  :
                                          :
            Plaintiff,  :
                                          :   Civil Action N~
       v.                     :   CASE NUMBER 1:06CV00314
                                          :
MARTIN J. GRUENBERG,  :   JUDGE: Royce C. Lamberth
   Acting Chairman, Federal  :
      Deposit Insurance Corporation, :   DECK TYPE: Employment Discrimination
   550 17th Street, N.W.  :
   Washington, D.C. 20429,  :   DATE STAMP: 02/■■/2006
                                          :
            Defendant.  :

JURY ACTION

**COMPLAINT**
(Employment Discrimination and Retaliation)

Introduction

1.     Plaintiff, Dorothy Chappell-Johnson, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 633a, to remedy acts of discrimination in promotion practices by the Federal Deposit Insurance Corporation based on her race (black) and her age (DOB 11/24/45) and retaliation against her for her prior EEO activity.

## Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), specifically 42 U.S.C. §§ 2000e-16(c), and 29 U.S.C. § 633a. Plaintiff has exhausted her administrative remedies by virtue of the fact that she filed a formal administrative EEO complaint alleging race and age discrimination and retaliation in the particulars involved herein on August 20, 2004 (EEO Administrative Complaint No. FDICEO-040041), and less than 90 days have elapsed since a final decision of the Federal Deposit Insurance Corporation on this administrative EEO complaint was received by plaintiff on/or about January 7, 2006 and by plaintiff's counsel on January 18, 2006.

## Venue

3. Pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), venue is proper in this judicial district. Ms. Chappell-Johnson is employed by the Federal Deposit Insurance Corporation and works in Virginia. The acts of discrimination took place within the District of Columbia.

## Parties

4. Dorothy Chappell-Johnson is a 60-year old African-American, female citizen of the United States and of the State of Maryland. She is currently employed as a Human Resources Specialist (Benefits), at the CG-201-9 level serving in the FDIC, Division of Administration.

5. Defendant Martin J. Gruenberg is the Acting Chairman of the Federal Deposit Insurance Corporation ("FDIC"), an independent corporation of the federal government. It is managed by a five-member board of directors appointed by the President and confirmed by the Senate. As acting chairman of the FDIC, Mr. Gruenberg is the head of the FDIC and is responsible

for the personnel actions, omissions and practices thereof. Thus, Mr. Gruenberg is here sued only in his official capacity as head of the FDIC.

### Statement of Facts

6.   Ms. Chappell-Johnson has been a federal civil servant for more than twenty-five years, with more than fifteen years with the FDIC and/or the Resolution Trust Corporation ("RTC"). Prior to the merger between the RTC and FDIC, Ms. Chappell-Johnson was a grade CG-11. However, as a result of a 1996 reorganization after the RTC and FDIC merger, she was reduced to the CG-9 level, thus losing potential promotion opportunities to higher-graded positions. Also, during a reduction-in-force ("RIF") action by the FDIC management, Ms. Chappell-Johnson was reassigned and downgraded to a CG-8 position in approximately August 2003.

7.   Ms. Chappell-Johnson applied for a position that was posted as Vacancy Announcement No. 2003-HQ-2419, for a Human Resources Specialist (Information Systems and Compensation) position, CG-201-11/12, that entailed duties that Ms. Chappell-Johnson had performed in the past. Ms. Chappell-Johnson was placed on the Best Qualified List and was interviewed for the position vacancy. However, despite her outstanding credentials and prior experience in the work areas identified for the position, on April 6, 2004, she learned that she had not been selected. Rather, a less-qualified, younger, white person was selected for the position. Ms. Shirley Purnell was the selecting official, and Ms. Purnell had been involved in Ms. Chappell-Johnson's earlier-filed EEO complaints of discrimination and retaliation.

8.   When she learned that she was not selected for the Human Resources Specialist (Information Systems and Compensation) position, CG-201-11/12, Ms. Chappell-Johnson timely sought EEO counseling and filed a formal administrative EEO complaint alleging race and age

3

discrimination and retaliation. This was on August 20, 2004. It was designated Complaint No. FDICEO-040041 by the FDIC.

## Statement of Claims

### Count I -- Discrimination Based on Race

9. By not selecting Ms. Chappell-Johnson for the Human Resources Specialist (Information Systems and Compensation) position, CG-201-11/12, but rather selecting a less-qualified, white person, defendant has discriminated against plaintiff on the basis of her race (black) in violation of Title VII, specifically 42 U.S.C. § 2000e-16(a).

10. As a result of this act of unlawful race discrimination in employment practices, plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, personal and professional humiliation, as well emotional pain and suffering and career damage.

### Count II -- Discrimination Based on Age

11. By not selecting Ms. Chappell-Johnson for the Human Resources Specialist (Information Systems and Compensation) position, CG-201-11/12, but rather selecting a less-qualified, younger person, defendant has discriminated against plaintiff on the basis of her age in willful and intentional violation of the ADEA, specifically 29 U.S.C. § 633a.

12. As a result of this act of unlawful age discrimination in employment practices, plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, personal and professional humiliation, as well as emotional pain and suffering and career damage.

### Count III -- Retaliation

13. By not selecting Ms. Chappell-Johnson for the Human Resources Specialist (Information Systems and Compensation) position, CG-201-11/12, because she had filed previous

complaints of racial and age-based discrimination and retaliation, defendant has unlawfully retaliated against plaintiff.

14. As a result of this unlawful retaliation, plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, personal and professional humiliation, as well as emotional pain and suffering and career damage.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on all claims brought herein and provide her with the following relief:

a. award plaintiff compensatory damages against defendant in the amount of $300,000, plus interest thereon, for each violation of Title VII;

b. order defendant to promote plaintiff to the CG-12 level retroactive to April 2004;

c. award plaintiff full back-pay, plus interest thereon;

d. award plaintiff an amount equal to her back pay as liquidated damages under the ADEA;

e. order defendant to retroactively award plaintiff bonuses and awards for the period April 2004 through the present, plus interest thereon;

f. enjoin defendant from discriminating or retaliating against plaintiff in the future;

g. award plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 216(b); and

h. award plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar # 961326
James E. Simpson
D.C. Bar # 482870
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300
(202) 842-1418 Fax

Attorneys for Plaintiff