UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
**DOROTHY CHAPPELL-JOHNSON**       )
    **901 Falls Lake Drive**           )
    **Mitchellville, Maryland 20721**   )
                                         )
    **Plaintiff,**                       )
                                     )
    v.                                   ) No. 1:06CV00314-RCL
                                     )
**MARTIN GRUENBERG**                 )
    **Acting Chairman**                  )
    **Federal Deposit Insurance Corporation** )
    **550 17th Street NW**               )
    **Washington, DC 20429**             )
                                     )
    **Defendant.**                       )
_____)

## ANSWER

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Defendant had legitimate, nondiscriminatory reasons for the employment decisions which were made with regard to the Plaintiff.

### Third Defense

The Plaintiff has failed to exhaust her administrative remedies.

### Fourth Defense

In response to the numbered paragraphs of the Complaint, the Defendant responds as follows:

1. This paragraph contains Plaintiff's assertion of jurisdiction and characterization of the present action, to which no response is required. To the extent an answer is deemed necessary, Defendant admits that this is a civil action arising under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000 e*t. seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 633a.  All remaining allegations of this paragraph are denied.

2. This paragraph contains Plaintiff's assertion of jurisdiction and characterization of the present action, to which no response is required. To the extent an answer is deemed necessary, Defendant denies the allegations of this paragraph, except to admit that Plaintiff filed a formal EEO complaint on August 20, 2004 and that Defendant issued a "Final Agency Decision" thereto, dated January 4, 2006.

3. Defendant admits that venue is proper in this jurisdiction and that Plaintiff is employed by Defendant Agency and that her work is performed in the State of Virginia.  All remaining allegations of this paragraph are denied.

4. Admit

5. Defendant admits that he is the Acting Chairman of the Federal Deposit Insurance Corporation ("FDIC"), a corporation of the federal government. Defendant further admits that the FDIC is managed by a five-member Board of Directors, appointed by the President and confirmed by the Senate. Defendant admits that he is sued in this action only in his official capacity as Acting Chairman of the FDIC. All remaining allegations of this paragraph are denied.

6. Defendant admits that Plaintiff has been employed by the FDIC and Resolution Trust Corporation ("RTC") for a combined total in excess of fifteen years and has total federal service of at least twenty-five years. Defendant admits that the RTC ceased existence on December 31, 1995 and on January 1, 1996, the FDIC assumed the remaining functions of the RTC. Defendant further admits that Plaintiff was a grade 11 at the "sunset" of the RTC and that she became a grade 9 after her reassignment to the FDIC. Defendant admits that a "Reduction-in-Force" ("RIF") in 2003 resulted in Plaintiff's reassignment to a position at grade 8. All remaining allegations of this paragraph are denied.

7. Defendant admits that Plaintiff applied for a Human Resources Specialist, grade 11/12 position and was interviewed for that position. Defendant admits that Plaintiff was not selected for this position and that

a younger, white person was selected. Defendant further admits that Shirley Purnell was the selecting official for this position and that Ms. Purnell was, at that time, aware of Plaintiff's prior EEO activity. All remaining allegations of this paragraph are denied.

8. Defendant admits that Plaintiff sought EEO counseling and filed a formal complaint of discrimination alleging race and age discrimination and retaliation on August 20, 2004, designated Compliant No. FDICEO-040041. All remaining allegations of this paragraph are denied.

9. Denied

10. Denied

11. Denied

12. Denied

13. Denied

14. Denied

Defendant denies the factual assertions made in Plaintiff's prayer for relief and further denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent any allegations of Plaintiff's Complaint, deemed to require a response, have not otherwise been answered by the Defendant, such allegations are denied.

Defendant objects to Plaintiff's request for a trial by jury with regard to her claims under the "Age Discrimination in Employment Act" ("ADEA"), since that Act does not permit claims thereunder to be tried before a jury.

WHEREFORE, the Defendant asks the Court to dismiss this action with prejudice, and to grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/
Victor E George
Counsel
CA Bar No. 89595
550 17th Street, NW, Room VS-E6004
Washington, DC  20429
703-562-2395 (office)
703-562-2482 (fax)
vgeorge@fdic.gov

Daniel H. Kurtenbach
Counsel
DC Bar No. 426590
550 17th Street, NW, Room VS-D7066
Washington, DC  20429
703-562-2565 (office)
703-562-2475 (fax)
dkurtenbach@fdic.gov