UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOROTHY CHAPPELL-JOHNSON**<br>    901 Falls Lake Drive<br>    Mitchellville, Maryland 20721<br><br>            **Plaintiff,**<br><br>    v.<br><br>**MARTIN GRUENBERG**<br>    Acting Chairman<br>    Federal Deposit Insurance Corporation<br>    550 17th Street NW<br>    Washington, DC 20429<br><br>            **Defendant.** | No. 1:06CV00314-RCL |

### DEFENDANT'S MOTION TO COMPEL
### FURTHER DISCOVERY RESPONSES FROM
### <u>PLAINTIFF AND FOR SANCTIONS</u>

Defendant, Martin J. Gruenberg, hereby moves this Honorable Court for an Order compelling Plaintiff to provide additional responses to Defendant's First Set of Written Interrogatories and Request for Production of Documents in this matter. Defendant further moves the Court for an Order imposing monetary sanctions upon Plaintiff's counsel of record, Swick & Shapiro for their consistent and unwarranted delays and refusal to comply with rules of discovery generally.

1.  Factual Background

Plaintiff filed the within action on February 22, 2006, alleging "Employment Discrimination and Retaliation" against Defendant. Defendant filed an answer to the complaint on May 5, 2006, followed the same day by an Order of this Court for counsel to "meet and confer" pursuant to Local Rule 16.3.

Absent contact from Plaintiff's counsel, Defendant's counsel unilaterally prepared a proposed 'meet and confer" statement and proposed "scheduling order" and forwarded same to James Simpson of Swick and Shapiro via e-mail attachment on August 11, 2006. The final versions of these documents were filed with the Court on August 15, 2006.

The Court issued a Scheduling Order on August 17, 2006, stating, inter alia, that discovery would occur for 180 days from August 17, 2006 (February 14, 2007). Upon joint motion of the parties, the Court issued a subsequent Order on April 21, 2007 enlarging the discovery period to May 15, 2007.

Defendant served a First Set of Written Interrogatories and Request for Production of Documents upon Plaintiff's counsel on October 27, 2006. Between December 7, 2006, Defendant sent six written requests to Plaintiff's counsel requesting responses to the subject discovery.  Finally, on March 30, 2007, Defendant received purported responses to its written discovery, however, as more fully set forth below, Plaintiff's responses were generally inadequate.

Defendant's counsel  made three written attempts to resolve the subject dispute with Plaintiff's counsel beginning April 9, 2007, plus a telephone call on May 7, 2007. Plaintiff's counsel telephoned Defendant's counsel on May 8, 2007 and acknowledged that their objections were untimely but did not agree to provide further responses to Defendant's written discovery..

2.   POINTS AND AUTHORITIES

Regarding "written interrogatories", Federal Rule of Civil Procedure ("FRCP") 33(b) provides as follows:

"(b) ANSWERS AND OBJECTIONS.
    (1)    Each interrogatory shall be answered separately and fully in

writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

(2)   The answers are to be signed by the person making them, and the objections signed by the attorney making them.
(3)   The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.
(4)   All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.
(5)   The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory."

Regarding "requests for documents", FRCP 34(b) provides in relevant part:

"The party upon whom the request is served shall serve a written response within 30 days after the service of the request.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.  The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  If objection is made to the requested form or forms for producing electronically stored information-- or if no form was specified in the request-- the responding party must state the form or forms it intends to use.  The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."

In situations such as the instant case, FRCP 37(a)(2)(B) and 37(a)(3), respectively, provide as follows:

(a)   MOTION FOR ORDER COMPELLING DISCLOSURE OR DISCOVERY. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
(B)   If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a

        request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.  When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

(3) *Evasive or Incomplete Disclosure, Answer, or Response*.  For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

Regarding the issue of sanctions, FRCP 37(a)(4) provides:

(4) *Expenses and Sanctions*.
        (A)    If the motion is granted or if the disclosures or requested discovery is provided after the motion was filed, that court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

        Based upon the chronology of events recited above, Defendant submits that Plaintiff took an extra four months to provide responses to Defendant's written discovery, all the while "promising" that the responses would follow shortly.  Following the long-anticipated arrival of the responses, Defendant's counsel wrote to Plaintiff's counsel citing perceived deficiencies in Plaintiff's responses.  This written request was made on April 9, 2007 via email; as of the date of this filing, and despite follow-up communication to plaintiff's counsel, Defendant's counsel has been unable to resolve these outstanding issues with plaintiff's counsel. Plaintiff's counsel's behavior regarding

discovery speaks for itself and should be addressed with an Order compelling further responses and imposing sanctions upon plaintiff's counsel.

3.  THE DISPUTED INTERROGATORY RESPONSES

As a general matter, defendant submits that any all objections to the subject interrogatories are untimely and, therefore, of no force and effect. Defendant's interrogatories were served by mail upon plaintiff's counsel on October 27, 2006; responses thereto were not received by Defendant until March 30, 2007, more than four months late. As stated in FRCP 33, supra, objections must be served upon the propounding party within thirty days of service of the interrogatories. Clearly, plaintiff's objections are untimely and should be declared void by the Court.

For the reasons stated below, defendant respectfully requests that the Court instruct plaintiff to provide further responses to the following:

**Interrogatory No. 2:** With respect to your claims that defendant has unlawfully discriminated against you on the basis of your race, age, or in retaliation for engaging in protected activity.

    a.    identify the person(s) alleged to have committed the discriminatory act or omission, or who are responsible for the personnel decision or act for which you are seeking relief;
    b.    for each person state whether you contend that individual acted with discriminatory or retaliatory intent, and state all facts that support, refute, or relate to your contention.
    c.    state all facts upon which you have based your allegation that the specific personnel decision or act constitutes an act of discrimination or retaliation; and
    d.    state specifically how the specific personnel decision or act for which you are seeking relief was adverse to you.
    e.    The identify of each person who witnessed or has first-hand knowledge of the act.

**ANSWER**:     See Report of Investigation (ROI) for FDICEO-040041.  In addition, plaintiff states that Shirley Purnell was the selecting official for the position vacancy for which plaintiff was not selected.  Ms. Purnell was aware of plaintiff's prior protected activity, and in selecting a younger, white female, Ms. Purnell engaged in unlawful discrimination and retaliation.  Moreover, plaintiff had established contacts with National Finance Center (NFC) – one of Ms. Purnell's stated qualifications – and plaintiff had significant experience with the FDIC pay, compensation, and personnel systems, while the selectee would require training to learn and comprehend those systems.  Plaintiff had demonstrated that she possessed the pay skills, abilities, and experience required for the vacant position and would have been able to engage in productive work without training.  Plaintiff possessed stellar credentials relating to the requirements for the vacant position and conducted herself extremely well during the interview; however, plaintiff was not selected for the vacant position, which would have been a promotion for plaintiff, with additional promotion potential in the future.  As the announcement of the selection was made at an office-wide meeting, each attendee to that meeting would have been aware of plaintiff's non-selection.

Defendant seeks specificity regarding that portion of plaintiff's response which states, "See Report of Investigation (ROI) for FDICEO-040041."  This portion of plaintiff's response requires defendant to speculate as to which portion of the "ROI" plaintiff is referring to or relying upon.  This interrogatory seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

**Interrogatory No. 4:** Identify each person, who has knowledge of the facts complained of in your Compliant, state the person's address, telephone number, present employment, and describe the person's knowledge.

**ANSWER**: Objection to the extent that this interrogatory seeks information that is under the control of defendant. As discovery is ongoing, plaintiff cannot knew every person who has knowledge of the facts in this matter. Without waiving said objection, see ROI for FDICEO-040041 and these answers to interrogatories.

Defendant seeks specificity regarding that portion of plaintiff's response which states, "See Report of Investigation (ROI) for FDICEO-040041." This portion of plaintiff's response requires defendant to speculate as to which portion of the "ROI" plaintiff is referring to or relying upon. This interrogatory seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

**Interrogatory No. 5:** Describe in detail any non-privileged conversations or interviews with any person(s) regarding any of your allegations that the actions of the defendant amounted to unlawful discrimination, retaliation, or violation of law, and identify each and every statement from, or summary of the conversation or interview with such person(s).

**ANSWER**:   See ROI for FDICEO-040041. In addition, plaintiff had discussions with several employees, including Brent Bracely, Priscilla McCutcheon, Donna Sarrano, Mary Bass, Judith Rice, and Natalie Tyce, about the unfairness of her non-selection, as well as the stress, humiliation, and emotional trauma that plaintiff suffered by not being selected for the vacant

position, despite her outstanding credentials, while a less-qualified younger, white female was selected. In addition, plaintiff informed Mr. Bracely, Mary Bass, and Ms. McCutcheon that as a result of her non-selection, she broke out with shingles, requiring her to seek medical treatment. Plaintiff believes that, during these conversations with some and possibly all of the aforementioned individuals, the issues of discrimination and reprisal were mentioned and/or discussed.

Defendant seeks specificity regarding that portion of plaintiff's response which states, "See Report of Investigation (ROI) for FDICEO-040041." This portion of plaintiff's response requires defendant to speculate as to which portion of the "ROI" plaintiff is referring to or relying upon. This interrogatory seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

> **Interrogatory No. 13:** Describe in detail each and every "outstanding credential" and "prior experience" you possessed during 2003 and 2004, as alleged in paragraph 7 of your complaint.
>
> **ANSWER**: Objection to the extent that this interrogatory misrepresents the specific language contained in paragraph 7 of plaintiff's complaint. Without waiving and objection, plaintiff states that the ROI for FDICEO-040041 contains her and other candidates' applications. Plaintiff's resume/application identifies the depth of experience and skills that plaintiff possessed and a fair reading of that resume/application would demonstrate that plaintiff was more qualified than the younger, white females selected for the vacant position. In addition, the ROI for FDIICEO-040041 contains information regarding other FDIC employees'

personal observations and knowledge of plaintiff's outstanding work performance and experience in the areas described by Ms. Purnell as necessary to perform the duties of the vacant position.

This interrogatory seeks specific information regarding plaintiff's subjective belief of her qualifications for the job announcement underlying this action. Instead plaintiff refers to the ROI once again and makes vague, conclusory references to her job application. The information sought in this interrogatory is a key factor in determining the validity of plaintiff's claims herein.

**Interrogatory No. 15:** Describe in detail each and every fact which supports the contention in paragraphs 9 an d11 of your complaint that the selectee for the position described therein was "lesser qualified" than you. Also state all facts which support your contention that you were the best qualified person for said position.

**ANSWER**: See ROI for FDICEO-040041. In addition, plaintiff states that she had more qualifications than the selectee. Plaintiff had more years of experience across a broad spectrum of personnel and payroll matters, particularly involving FDIC's unique personnel and payroll systems - - systems which the selectee had no knowledge as, prior to the selection, she worked for another government agency. Plaintiff had more years of experience with other federal pay and benefits issues, as well as experience interfacing with the National Finance Center. Plaintiff was more qualified than the selectee in terms of overall government payroll, personnel, and operations experience, as well as employee

relationships and customer contact/service and computing back pay and other forms of personnel/payroll maters.

Defendant seeks specificity regarding that portion of plaintiff's response which states, "See Report of Investigation (ROI) for FDICEO-040041." This portion of plaintiff's response requires defendant to speculate as to which portion of the "ROI" plaintiff is referring to or relying upon. This interrogatory seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

**Interrogatory No. 17:** Describe in detail each and every act that you contend constitutes an adverse personnel action that was unlawfully taken against you and for each describe any and all adverse consequences affecting the terms, conditions, or privileges of your employment that resulted form the act.

**ANSWER:** See ROI for FDICEO-040041. In addition, plaintiff states that Shirley Purnell was the selecting official for the position vacancy for which plaintiff was not selected. Ms. Purnell was aware of plaintiff's prior protected activity, and in selecting a younger, white female, Ms. Purnell engaged in unlawful discrimination and retaliation, which altered plaintiff's terms, conditions, and privileges of her employment in the form of a loss of pay and promotion and career opportunities.

Defendant seeks specificity regarding that portion of plaintiff's response which states, "See Report of Investigation (ROI) for FDICEO-040041." This portion of plaintiff's response requires defendant to speculate as to which portion of the "ROI" plaintiff is referring to or relying upon. This interrogatory seeks information directly

related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

4.  THE DISPUTED DOCUMENT REQUEST RESPONSES

Defendant repeats, and incorporates by this reference, the general objection stated in Section 3 above, regarding plaintiff's objections to any of Defendant's document requests, pursuant to FRCP 34, supra.

For the reasons stated below, defendant respectfully requests that the Court instruct plaintiff to provide further identification of documents, and the actual documents, as follows:

> **Request No. 1:**    Produce all documents that refer, relate to, are identified in, support, or refute your interrogatory answers or any of the claims, facts, or injuries alleged in your compliant, or that were reviewed in responding to this discovery request.
>
> **RESPONSE:** See Report of Investigation (ROI) for FDICEO-040041.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request. By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon. This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

> **Request No. 2:**    Produce all documents that refer, reflect, relate to, support or refute any claim for damages past, present, and future and any calculations of damages.

**RESPONSE:** See ROI for FDICEO-040041. Plaintiff will supplement this response as additional documents are received.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request. By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon. This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

**Request No. 3:** Produce all documents that refer, reflect or relate to any consultation or treatment by any health care provider or other professional identified in response to any interrogatories.

**RESPONSE**: See ROI for FDICEO-040041. Plaintiff will supplement this response as additional documents are received.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request. By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon. This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive. Plaintiff has provided two supplemental responses hereto, totaling six pages of doctor's notes. These are the only "hard" documents produced by plaintiff to date.

**Request No. 5:** Produce any and all statements (written, taped, or in whatever form they were given) by you or any person interviewed by you or your

behalf, regarding the facts, damages, claims, testimony, or evidence related to this case, and any summaries of interviews or conversations with any person that relate to your complaint or y our employment with the FDIC.

**RESPONSE:** Objection to the extent that this request seeks documents that were prepared by the defendant or representatives/employees of the defendant and that may not have been previously provided to plaintiff.  In addition, objection to the extent that this request seeks information that is protected by attorney-client privilege.  Moreover, objection to the extent that plaintiff's prior format EEO complaints, and the subsequent Reports of Investigation (ROIs) generated as part of the EEO investigate process, contain documents and information that may be sought under this request, those documents are currently within the control of the defendant.  Without waiving said objections, see ROI for FDICEO-040041.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request.  By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon.  This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's  response is not responsive.

**Request No. 7:**     Produce all logs, diaries, calendars, files, correspondence, memoranda, documents, and any personal notes that have any entries related to your discrimination and retaliation claims or your employment with FDIC.

**RESPONSE**: Objection, to the extent that this request is vague, over broad, and seeks documents and/or information that is irrelevant and is not designed to lead

to discoverable information that is relevant to this matter. Defendant has not specifically defined "your discrimination and retaliation claims." Moreover, the phrase – "[plaintiff's] employment with FDIC" – is so broad in scope and time as to make it nearly impossible to respond to in its present form. Objection to the extent that this request seeks documents that were prepared by the defendant or representatives/employees of the defendant and that may not have been previously provided to plaintiff. In addition, objection to the extent that this request seeks information that is protected by attorney-client privilege. Moreover, objection to the extent that plaintiff's prior formal EEO complaints, and the subsequent Reports of Investigation (ROIs) generated as part of the EEO investigate process, contain documents and information that may be sought under this request, those documents are currently within the control of the defendant. Without waiving said objections, see ROI for FDICEO-040041.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request. By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon. This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

**Request No. 9:** Produce any other documents submitted to, or received from, any agents and/or employees of the United States and/or FDIC, that (i) relate to any personnel actions affecting you during your employment with the FDIC, or (ii) that relate or refer to any of the claims in this action.

> **RESPONSE:** Objection, to the extent that this request is vague, over board, and seeks documents and/or information that are irrelevant and not designed to lead to discoverable information that is relevant to this matter. Defendant's request for documents that "relate to any personnel actions affecting [plaintiff] during [plaintiff's] employment with the FDIC" is so broad as to make it nearly impossible, and irrelevant, to respond to in its present form. Objection to the extent that this request seeks documents that were prepared by the dependent or representatives/employees of the defendant and that may not have been previously provided to plaintiff. Objection to the extent that this request seeks information that is under the control of defendant. Without waiving said objections, see ROI for FDICEO-040041.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request. By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon. This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

> **Request No. 12:**     Produce each memorandum, appraisal, comment, or other document referred to in the Complaint.

> **RESPONSE**: Objection to the extent that this request seeks documents that were previously provided to plaintiff. Objection to the extent that this request seeks information that is under the control of defendant. Without waiving said objections, see ROI for FDICEO-040041.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request. By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon. This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

**Request No. 14:** Produce any documents to/from you to/from any witness in this case, pertaining to this case.

>   **RESPONSE:** Objection to the extent that this request seeks documents that were prepared by the defendant or representatives/employees of the defendant and that may not have been previously provided to plaintiff. Objection to the extent that this requests seeks information that is under the control of defendant. Without waiving said objections, see ROI for FDICEO-040041.

Defendant seeks, and is entitled to, the specific identify of all documents which plaintiff believes are responsive to this request. By referring defendant to the Report of Investigation ("ROI") for FDICEO-040041, plaintiff requires defendant to speculate as to which documents in the "ROI" she is referring to or relying upon. This document request seeks information directly related to plaintiff's complaint herein and the cited portion of plaintiff's response is not responsive.

As stated above, the only physical documents that plaintiff has produced to defendant are the six pages of doctor's notes mentioned in Request No. 3, above. Receiving only vague references to the "ROI" underlying this matter, defendant's good faith efforts to conduct discovery are being frustrated.

Despite efforts to resolve the issues raised herein, defendant has been left with no alternative but to seek the assistance of the Court. Without attributing motive to plaintiff's counsel, the fact remains that the discovery responses cited above are incomplete at best.  After waiting four months for responses, defendant must now seek Court intervention to obtain the benefits of discovery.  Therefore, pursuant to FRCP 37(a), supra, defendant requests that the Court impose sanctions against plaintiff's counsel in an amount not less than $1,000.00.

## LOCAL RULE 7(m) CERTIFICATION

Pursuant to Local Rule 7(m) the undersigned counsel certifies that he has complied with this Rule by writing to Plaintiff's counsel on April 9th,  May 3rd, and May 7, 2007, speaking with James Simpson, an associate in the office of Plaintiff's counsel, on May 8, 2007 regarding the contents and relief sought by this motion.  No resolution was reached.

Respectfully submitted,

/s/
Victor E George
Counsel
CA Bar No. 89595
550 17th Street, NW, Room VS-E6004
Washington, DC  20429
703-562-2395 (office)
703-562-2482 (fax)
vgeorge@fdic.gov

Daniel H. Kurtenbach
Counsel
DC Bar No. 426590
550 17th Street, NW, Room VS-D7066
Washington, DC  20429
703-562-2565 (office)
703-562-2475 (fax)
dkurtenbach@fdic.gov