UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOROTHY CHAPPELL-JOHNSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 1:06CV00314-RCL |
| | ) |
| **MARTIN GRUENBERG** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), Defendant hereby submits the following statement of material facts as to which there is no genuine dispute.

1. Dorothy Chappell-Johnson ("Plaintiff") is currently employed by the Federal Deposit Insurance Corporation ("Defendant") as a Human Resources Specialist (Benefits) at the CG-201-9 level in the Division of Administration. Complaint at ¶4.

2. Plaintiff has been employed by Defendant and the Resolution Trust Corporation in various capacities since April, 1990. Complaint at ¶6.

3. Plaintiff is an African-American over the age of forty (DOB 11/24/45). Complaint at ¶1.

4. To date, Plaintiff has filed six formal EEO complaints, alleging discriminatory practices by Defendant. Declaration of Susan Berman at ¶4.

5. Plaintiff filed the formal EEO complaint underlying this action on August 20, 2004, Agency Docket No. FDICEO-040041. Complaint at ¶8; Declaration of Susan Berman at ¶4.

6. Prior to filing the formal EEO complaint referenced in No. 5 above, Plaintiff filed three separate formal EEO complaints against Defendant, as follows: (1) Agency Docket No. FDICEO-990110, filed December 16, 1999; (2) Agency Docket No. FDICEO-010036, filed June 15, 2001; Agency Docket No. FDICEO-030026, filed September 9, 2003. Declaration of Susan Berman at ¶4.

7. Subsequent to the formal EEO complaints referenced in No. 6 above, Plaintiff filed two separate formal EEO complaints against Defendant as follows: (1) Agency Docket No. FDIEO-050017, filed April 12, 2005; (2) Agency Docket No. FDICEO-060022, filed July 6, 2006. Declaration of Susan Berman at ¶4.

8. In the formal EEO complaint underlying this action, Fact No. 5 above, Plaintiff states that she believes she was discriminated against because, "It was discriminatory because of age, race and mainly reprisal. Numerous whites within the corporation have been favorited (sic) and selected in this same situation." Formal Complaint of Discrimination, Agency Docket No. FDICEO-040041. Exhibit "A" to Defendant's Motion herein.

9. In November, 2003, Defendant posted Vacancy Announcement No. 2003-HQ-2419 for a Human Resources Specialist (Information Systems and Compensation) CG-201-11/12, which Plaintiff applied for. Complaint ¶7.

10. Following the closing of the Vacancy Announcement described in No. 9 above, a roster of six qualified candidates, including Plaintiff, was forwarded to the "Selecting Official," Shirley Purnell. Complaint at ¶7; Declaration of Shirley Purnell, Exhibit "A" thereto at ¶6.

11. Two to of the six qualified candidates described in No. 10 above withdrew from consideration for the subject position. The four remaining candidates, including Plaintiff, were interviewed for the subject position. Declaration of Shirley Purnell, Exhibit "A" thereto at¶6.

12. Defendant utilizes a "Structured Interview" process for competitive vacancies and did so in the instant case. Declaration of Shirley Purnell at ¶6 and Exhibit "B" thereto.

13. Defendant's written "Guidance" regarding "Structured Interviews" contains four "main concepts": (1) Job-related interview questions based on job requirements in the position description, vacancy announcement and job analysis; (2) Benchmarks for each interview question; (3) All candidates asked the same questions; (4) All candidates measured against the same benchmarks. Declaration of Shirley Purnell, Exhibit "B" thereto at page 1.

14. The "Guidance" document described in No. 13 above provides that "Benchmarks" are developed for each interview question by the Selecting Official. Declaration of Shirley Purnell, Exhibit "B" thereto at page 1.

15. The "Guidance" document described in No. 13 above provides for the review of proposed interview questions and benchmarks by an "HR Specialist." Declaration of Shirley Purnell, Exhibit "B" thereto at page 1.

16. The "Guidance" document described in No. 13 above provides, "The Selecting Official" may conduct all of the interviews alone or elect to use an interview panel." Declaration of Shirley Purnell, Exhibit "B" thereto at page 2.

17. The "Guidance" document described in No. 13 above provides, "The Selecting Official is encouraged to discuss interviews with panel members and is required to review all documentation, including any interview notes." Declaration of Shirley Purnell, Exhibit "B" thereto at page 2.

18. The "Guidance" document described in No. 13 above requires for the conduct of interviews:

    (1) Ask all questions of all candidates, allowing the same amount of time for each interview. It may be appropriate and it is allowable to ask clarifying questions. However, interviewers should not ask additional questions just to fill in the allotted interview time.

    (2) Measure each candidate's responses against the benchmarks of the corresponding question.

    (3) Answer any of the candidate's questions regarding the job and the FDIC in general. Refer specific questions from a candidate regarding salary or benefits issues to the appropriate HR Specialist.

    Declaration of Shirley Purnell, Exhibit "B" thereto at page 2.

19. The "Guidance" document described in No. 13 above, provides, "Members of an interview panel are free to openly discuss their assessment together, but are not required to reach consensus in their assessments of a candidate's responses. All candidates should be assessed fairly, without bias, and against the established benchmarks." Declaration of Shirley Purnell, Exhibit "B" thereto at page 2.

20. The "Guidance" document described in No. 13 above provides, "Completed Structured Interview Documentation forms and any other notes taken by interviewers should be retained in the personal files of the Selecting Official for two years, consistent with the Merit Program Plan, unless directed to retain them longer." Declaration of Shirley Purnell, Exhibit "B" thereto at page 2.

21. The "Guidance" document described in No. 13 above provides, "The Selecting Official should rely on the interview documentation, any discussions with other members of the interview panel and the application materials submitted by the candidates to make a final selection. The selection official should then prepare the Selection Recommendation Form <u>(FDIC Form 2100-</u>

15) and forward it to the Approving Official." Declaration of Shirley Purnell, Exhibit "B" thereto at page 2.

22. In accordance with Fact No. 14 above, the "Selecting Official" for the position described in No. 9 above, Shirley Purnell, prepared six interview questions with benchmarks for the subject interview process. Declaration of Shirley Purnell, Exhibit "A" thereto, at ¶6.

23. In accordance with Fact No. 15 above, Shirley Purnell submitted the proposed interview questions with benchmarks to Defendant's "Compliance Officer," Lorinda Potucek for approval, which was given." Declaration of Shirley Purnell, at ¶6.

24. In accordance with Fact No. 16, above, Shirley Purnell elected to create an interview panel for the subject interviews, although she was not required to do so under FDIC policy. Declaration of Shirley Purnell, Exhibit "B" thereto at page 2.

25. The persons selected by Shirley Purnell for the interview panel referenced in No. 24 above were Natalie Tyce and Eugene Bell. Declaration of Shirley Purnell at ¶6; Declaration of Natalie Tyce at ¶6; Declaration of Eugene Bell at ¶6.

26. Panel member Natalie Tyce was the former incumbent of the position described in No. 9 above. Declaration of Natalie Tyce at ¶6; Declaration of Shirley Purnell at ¶6.

27. Panel member Eugene Bell knew nothing about Plaintiff, personally or professionally, including her prior EEO activity, prior to or during the interview process. Declaration of Eugene Bell at ¶5.

28. At the time of the subject interviews, all three panel members were employed by Defendant in the "Human Resources" section of the Division of Administration. Declaration of Shirley Purnell at ¶1; Declaration of Natalie Tyce at ¶1; Declaration of Eugene Bell at ¶1.

29. All three panel members, Shirley Purnell, Eugene Bell and Natalie Tyce, are African-American. Declaration of Shirley Purnell, Exhibit "A" thereto, at ¶3; Declaration of Natalie Tyce at ¶11; Declaration of Eugene Bell at ¶11.

30. At the time of the subject interviews and selection by Shirley Purnell, panel members Shirley Purnell and Eugene Bell were over the age of forty. Declaration of Shirley Purnell, Exhibit "A" thereto, at ¶3; Declaration of Eugene Bell at ¶11.

31. In accordance with Fact No. 18 above, the four interview candidates, including Plaintiff, were all asked the same "structured interview" questions. Declaration of Shirley Purnell, Exhibit "A" thereto, at ¶6; Declaration of Natalie Tyce at ¶7; Declaration of Eugene Bell at ¶8.

32. In accordance with Fact No. 17 above, the "Selecting Official," Shirley Purnell, discussed the interviewees with the other panel members. Declaration of Shirley Purnell at ¶5; Declaration of Eugene Bell at ¶9.

33. At the conclusion of the interview process, Shirley Purnell and Eugene Bell identified Patricia Quattrone as their "top" candidate. Declaration of Shirley Purnell, at ¶5; Declaration of Eugene Bell at ¶9.

34. At the conclusion of the interview process, Natalie Tyce identified Coleista Salatich as her "top" candidate. Declaration of Natalie Tyce at ¶9.

35. In accordance with Fact No. 20, at the conclusion of the interview process, all documentation, including interview notes was collected by Selecting Official Shirley Purnell. Declaration of Shirley Purnell at ¶5; Declaration of Natalie Tyce at ¶7; Declaration of Eugene Bell at ¶9.

36. In accordance with Fact No. 21, Shirley Purnell evaluated the four interviewees based upon their respective application materials, their responses to the interview questions, individually and as compared to the other candidates and for the two "top" candidates, the reference checks she conducted of them. Declaration of Shirley Purnell at ¶9 and Exhibit "A" thereto, at ¶'s 6, 7, 8, and 17.

37. Following the deliberations outlined in Fact No. 36, Selecting Official Shirley Purnell selected Patricia Quattrone for the position described in No. 9 above. Declaration of Shirley Purnell at ¶7.

38. In accordance with Fact No. 21 above, Shirley Purnell completed a "Candidate Selection Form (FDIC Form 2100-15) and submitted it to the "Approving Official," Miguel Torrado who approved the selection of Patricia Quattrone on March 8, 2004. Declaration of Shirley Purnell at ¶7 and Exhibit "C" thereto.

39. After learning of her non-selection, Plaintiff requested a meeting with Shirley Purnell. Declaration of Shirley Purnell at ¶8 and Exhibit "A" thereto, at ¶20.

40. During the meeting described in Fact No. 39 above, Plaintiff requested feedback from Shirley Purnell as to why she was not selected for the subject position. Declaration of Shirley Purnell, Exhibit "A" thereto, at ¶20.

41. During the conversation described in Fact Nos. 39 and 40 above, Plaintiff never stated or suggested that her non-selection was discriminatory in any manner nor that the interview process was tainted or improper in any way. Declaration of Shirley Purnell at paragraph 8 and Exhibit "A" thereto, at ¶20.

42. Shirley Purnell was never contacted or made aware of any complaints or inquiries by Coleista Salatich or Suzanne Moy, the remaining non-selectees for the subject position regarding their respective non-selections. Declaration of Shirley Purnell at ¶8.

43. The selectee for the position described in Fact No. 9 above, Patricia Quattrone, is Caucasian and, at the time of her selection, was forty-one years of age (DOB March 18, 1962). Complaint at ¶7 and Page 8 from Report of Investigation in FDIC Agency Docket No. FDICEO-040041, Exhibit "B" to Defendant's motion herein.

Respectfully submitted,

/s/
Victor E George, Counsel
California Bar No. 89595
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Room E-6004
Arlington, VA 22226
CA Bar No. 89595
703-562-2395 (office)
703-562-2482 (fax)
vgeorge@fdic.gov

Daniel H. Kurtenbach, Counsel
DC Bar No. 426590
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Room D-7066
Arlington, VA 22226
703-562-2565 (office)
703-562-2475 (fax)
dkurtenbach@fdic.gov