IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOROTHY CHAPPELL-JOHNSON** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-0314(RCL) |
| | : |
| **MARTIN GRUENBERG** | : |
| **Acting Chairman** | : |
| **Federal Deposit Insurance Corp.,** | : |
| | : |
| Defendant. | : |

## DECLARATION OF SHIRLEY PURNELL

In accordance with the provisions of 28 U.S.C. § 1746, I, the undersigned, Shirley Purnell, do hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above styled and numbered cause:

1. I am a former employee of the Division of Administration ("DOA") of the Federal Deposit Insurance Corporation, Headquarters Office; my office was located in Arlington, Virginia. I retired from federal service in January, 2007. At the time of my retirement, my position with the FDIC was "Assistant Director for the Human Resources Service Center," which was also my position at the time of the activities underlying this action.

2. During my thirty-eight year career in federal service, I worked the first six years in various clerical positions. I worked the remaining thirty-two years in the human resources/personnel area, including positions with the Department of Transportation.

3. The matters stated herein are based upon my personal knowledge, particularly with reference to my dealings with, and in reference to, plaintiff Dorothy Chappell-Johnson.

4. In connection with Plaintiff's EEO compliant filed in this matter, I was interviewed by EEO investigator Turna R. Lewis in late 2004 and provided her with an "Affidavit" dated December 15, 2004. A true and correct copy of that affidavit is attached hereto as Exhibit "A" and sets forth the basic facts surrounding the makeup of the interview panel and the actual interview/selection process.

5. In addition to the facts set forth in the attached Exhibit "A", I categorically deny that I expressed any preference or pre-judgment of any of the interview candidates to the other panel members at any time prior to or during the interview process. We only discussed "preferences" or "rankings" at the conclusion of the entire interview process, whereupon I collected all interview notes and made my selection after considering the candidate's applications and interview responses to the structured questions. I did conduct reference checks for the top two candidates (Mr. Bell and I ranked Ms. Patricia Quattrone as our top candidate; Ms. Tyce ranked Ms. Coleista Salatich as her top candidate). I did not conduct reference checks for Plaintiff and the fourth candidate, Suzanne Moy. Obviously, Plaintiff was not the "top" selection of any of the three interview panel members.

6. Attached hereto as Exhibit "B" is a document dated July, 2003, and entitled "FDIC Structured Interviews – Guidance for Interviewers and Selecting Officials" which was in effect at the time of the subject interviews. In accordance with this document, I followed the "four main concepts" listed under the caption "FDIC Standard"; Following my preparation of the interview questions and "benchmarks" for each, I submitted them to "Compliance Officer", Lorinda Potucek for her approval, which she provided; Although I could have conducted the interviews myself (see Exhibit "B" on page 2 under heading "Conducting a Panel Interview"), I involved Ms. Tyce, who had performed the actual job in question and Mr. Bell, who had an extensive background in federal human resources/personnel functions and was not familiar with any of the candidates. The remainder of the interview process was entirely in accordance with the remainder of Exhibit "B", including my personal deliberation regarding a selection.

7. After due consideration of the four candidates for the subject position, I selected Patricia Quattrone as the "best qualified" candidate. I evaluated the four candidates based upon their application materials, and responses to the interview questions individually and as compared to the other candidates. Since there were two "top" candidates, as reflected in paragraph 5 above, the reference checks performed on Ms. Quattrone and Ms. Salatich were also considered in making my selection. This was not a simple decision to make and I used my best judgment in making a selection. I did not consider any candidate's race, age or, in Plaintiff's case, prior EEO activity in making my selection decision. I submitted my "Candidate Selection Recommendation", a copy of which is attached hereto as Exhibit "C", to my supervisor and "Approving Official", Miguel Torrado, on March 5, 2004. Mr. Torrado approved my selection of Ms. Quattrone on March 8, 2004. Mr. Torrado is no longer employed by the FDIC.

8. Regarding my conversation with Plaintiff after I made my selection in this matter, reflected in paragraph 20 of Exhibit "A" hereto, Plaintiff never stated or suggested that her non-selection was discriminatory in any way nor did she state or suggest that the interview process was tainted or improper in any way. To the best of my knowledge, neither Ms. Salatich or Ms. Moy, the other two "non-selectees" for the subject position, filed any type of complaint or inquiry, formally or informally, regarding their non-selection or the interview process.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2007

/S/_____
SHIRLEY PURNELL