IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**DOROTHY CHAPPELL-** : 
    **JOHNSON** :
 :
    **Plaintiff,** :
 :
    v. : Civil Action No. 06-314-(RCL)
 :
**MARTIN GRUENBERG** :
**Acting Chairman** :
**Federal Deposit Insurance Corp.,** :
 :
    **Defendant.** :
_____ _:

## DECLARATION OF NATALIE TYCE

In accordance with the provisions of 28 U.S.C. § 1746, I, the undersigned, Natalie Tyce, do hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above styled and numbered cause:

1. I am employed as a "Human Resources Specialist" in the Division of Administration ("DOA") of the Federal Deposit Insurance Corporation, Headquarters Office; my office is located in Arlington, Virginia.

2. I have been working in the position described above since November, 2003, which includes the time period involved in Plaintiff's complaint herein.

3. The statements made herein are of my personal knowledge, particularly with reference to my dealings with, and in reference to, plaintiff Dorothy Chappell-Johnson.

4. Prior to my current position, I had performed the same duties, at a lower grade level, dating back to 1996. Between 1993 and 1996, I worked as a "Payroll/Personnel Specialist" (Supervisory) in DOA. In

      my current position, my duties include responsibility for human resources systems, processing personnel actions and the time and attendance system.

5. During the period 1993 to 1996, one of the employees I supervised was Plaintiff. As her supervisor, I evaluated Plaintiff's performance and prepared her performance evaluations.

6. During the period 1996 to 2003, I performed the same or similar duties as those described in the job announcement that underlies this action. Prior to the interview process in February, 2004, Shirley Purnell asked me to sit on an interview panel for the job announcement referenced above. I agreed to do so and received an e-mail from Ms. Purnell identifying the candidates we would interview and the dates of the interviews. Shirley Purnell was not in my supervisory chain.

7. Prior to the commencement of the interviews, Ms. Purnell provided me with a list of the "Structured Interview" questions and the "Benchmarks" for each question. Ms. Purnell explained to me and Eugene Bell, the third panel member, that the structured interview format required that each candidate be asked the same questions. There were a total of six interview questions and each panel member posed two questions. At the conclusion of the interview process, I turned over all my notes to Ms. Purnell. I believe that Mr. Bell did the same. Although I played no role in the preparation of the interview questions, once I reviewed them, I believed that they were appropriate for the position in question.

8. During the interviewing process, I never heard Ms. Purnell or Mr. Bell express any preference of one candidate over another. The only "exception" that I can recall is that, prior to Ms. Quattrone's interview, Ms. Purnell commented that she "liked" Ms. Quattrone's application. I have no recollection of Ms. Purnell commenting any further about Ms. Quattrone or any other candidates.

9. I had no involvement in the selection process, which was Ms. Purnell's responsibility, however, I did "rank" the candidates. I did not believe that the selectee, Ms. Quattrone was the top candidate based upon her interview responses. However, I did believe that her

      application looked very good.  While I believed that Plaintiff did well on her interview and could likely have performed the duties of the subject position, she was not my "top" choice.  My top selection for the subject position was Ms. Coleista Salatich.

10.    I do not know which factors Ms. Purnell considered in making her selections, however, I did not then and do not now know any facts or have any reason to believe that the interview or selection process was biased or did not follow established procedure.

11.    My race is African-American and at the time of the subject interviews I was thirty-nine years old.  My date of birth is August 31, 1964.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2007

/S/_____
NATALIE TYCE