IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**DOROTHY CHAPPELL-** :
  **JOHNSON** :
 :
  **Plaintiff,** :
 :
 v. : Civil Action NO. 1:03-CV-0871-HTW
 :
**MARTIN GRUENBERG** :
**Acting Chairman** :
**Federal Deposit Insurance Corp.,** :
 :
  **Defendant.** :
_____:

## DECLARATION OF EUGENE BELL

In accordance with the provisions of 28 U.S.C. § 1746, I, the undersigned, Eugene Bell, do hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above styled and numbered cause:

1. I am employed as a "Supervisory Human Resources Specialist" in the Division of Administration ("DOA") of the Federal Deposit Insurance Corporation, Headquarters Office; my office is located in Arlington, Virginia.

2. I worked as a 'Lead Human Resources Specialist" (non-supervisory) from August, 2003, when I began with the FDIC, until approximately January, 2005, when I assumed my current position.

3. The statements made herein are of my personal knowledge, particularly with reference to my dealings with, and in reference to, plaintiff Dorothy Chappell-Johnson.

4. Prior to my employment with the FDIC in August, 2003, I worked for the Federal Department of Education as "Supervisory Human Resource Specialist," for approximately eight years. Prior to the

      Department of Education, I was employed as "Head" of the Personnel Operation Division at the Equal Employment Opportunity Commission for approximately two and one-half years. Prior to the working at EEOC, I worked at the Department of Education, I worked at the Department of the Treasury, Financial Management Services, as a Supervisory Personnel Management Specialist, GS-201-14. Prior to that, I worked at the Department of Navy for approximately 13 years performing personnel operations including staffing and classification functions.

5.     I have never been a supervisor of Plaintiff, nor did I know anything about her, personally or professionally, prior to her filing of the formal EEO compliant in this action. In addition, I had no knowledge of any prior protected activity, such as EEO complaints, engaged in by Plaintiff, prior to her filing of the formal EEO complaint in this action.

6.     In early 2004, January or February, my supervisor Shirley Purnell asked if I would serve on an interview panel for a position in DOA which had been previously posted. I agreed to do so. My best recollection is that all candidate interviews were conducted in mid-Feb, 2004.

7.     Prior to the actual candidate interviews, (approximately three or four day prior), Ms. Purnell provided me with a "packet" which contained the job announcement, the position description, candidate applications and "structured interview" questions. I was informed by Ms. Purnell that the FDIC utilized a "Structured Interviews" process whereby all candidates are asked the same questions and their responses are compared to "benchmarks" for each. I was told by Ms. Purnell to make notes on the list of questions for each candidate. The candidates interviewed for the subject position were Plaintiff, Patricia Quattrone, Coleista Salatich and Suzanne May.

8.     Each interview lasted approximately thirty to forty-five minutes. After each interview, the interview panel, consisting of Ms. Purnell, me and Natalie Tyce, would have the opportunity to comment on each candidates "performance", vis-à-vis their answers to the structured interview question. At no time during the interview process did any

of the panel members express a preference of one candidate over another.

9. At the conclusion of all of the interviews, Ms. Tyce and I identified our top candidate to Ms. Purnell for her consideration. I always understood that the decision of which candidate to select was Ms. Purnell's. At the conclusion of the interview process, Ms. Tyce and I gave our interview notes to Ms. Purnell as well. Other than my recommendation to Ms. Purnell of my top choice, Ms. Quattrone, I had no involvement in the selection process or any further contact with Ms. Purnell regarding any of the interviewed candidates. Ms. Salatich was my second choice for the subject position.

10. I addition to being the "Selecting Official" for the subject position, my understanding was that Ms. Purnell also drafted the structure interview questions and the benchmarks for each.

11. My race is African-American and I was fifty years old at the time of the subject interviews. My date of birth is July 22, 1953.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2007

/S/_____
EUGENE BELL