**PLAINTIFF'S EXHIBIT 4**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ORIGINAL

```
- - - - - - - - - - - - - - - - -X
DOROTHY CHAPPELL-JOHNSON,         :
          Plaintiff               :
     v.                           : Civil Action No.
                                  :
                                  : 06-0314 (RCL)
MARTIN J. GRUENBERG, VICE CHAIRMAN:
FEDERAL DEPOSIT INSURANCE         :
 CORPORATION                      :
                                  :
          Defendant.              :
- - - - - - - - - - - - - - - - -X
```

Washington, D.C.

Thursday, May 10, 2007

Deposition of

NATALIE RENIE TYCE

a witness of lawful age, taken on behalf of the

Plaintiff, in the above-entitled action, before

KENYAN C. HOPCHAS, Notary Public in and for the

District of Columbia, in the offices of Swick &

Shapiro, 1225 Eye Street, N.W., Suite 1290,

Washington, D.C., commencing at 1:12 p.m.

APPEARANCES:

    On behalf of the Plaintiff:

        JAMES E. SIMPSON, ESQ.

        Swick & Shapiro, P.C.

        1225 Eye Street, N.W., Suite 1290

        Washington, D.C. 20005

        (202) 842-0300

    On behalf of the Federal Deposit
      Insurance Corporation:

        VICTOR E. GEORGE, ESQ.

        Legal Division

        Labor, Employment & Administration Section

        Federal Deposit Insurance Corporation

        3501 Fairfax Drive, Room E-6004

        Arlington, Virginia 22226

        (703) 562-2395

1   A   Since 1996, human resources specialist.

2   Q   When you started as a CG-12 H.R. specialist
3   in approximately 1996 in DOA, again, Human Resources
4   Branch, was that a competitive selection?

5   A   No. It was a reorganization.

6   Q   What were you just prior to that
7   reorganization?

8   A   A supervisory payroll/personnel specialist.

9   Q   I'm sorry. Payroll?

10  A   Payroll/personnel specialist.

11  Q   What was your grade?

12  A   During that time, we weren't CGs, we were
13  GG-12s.

14  Q   How long were you a supervisory
15  payroll/personnel specialist?

16  A   Since 1993.

17  Q   In your current position as a CG-13 human
18  resources specialist, are you a supervisor?

19  A   No.

20  Q   You were not a supervisor as a CG-12 human
21  resources specialist; correct?

22  A   That is correct.

1   EEO investigator?
2       A   Yes.
3       Q   Do you recall whether you provided an
4   organizational chart to the investigator?
5       A   Yes.
6       Q   Your recollection of the documents that you
7   provided to the EEO investigator would have
8   accurately captured during the time period roughly
9   1993 to 1996 the organization that you were assigned
10  to, to include your subordinates; correct?
11      A   Yes.
12      Q   Do you remember providing information about
13  certain jobs that were performed by either you or
14  your subordinates?
15      A   Yes.
16      Q   And that accurately reflected the state of
17  affairs when you were a supervisor in roughly 1993 to
18  1996; correct?
19      A   Yes.
20      Q   By the way, was there a time in the period
21  1993 to 1996 that you supervised Dorothy Chappell-
22  Johnson?

```
 1      A    Yes.

 2      Q    The entire period?

 3      A    Yes.

 4      Q    She worked directly for you?

 5      A    Yes.

 6      Q    In that approximate three year career, you
 7   rendered performance evaluations or performance
 8   appraisals on Dorothy?

 9      A    Yes.

10      Q    Do you remember what those performance
11   appraisals or evaluations were?

12      A    No, I don't.

13      Q    Do you recall whether you ever gave Ms.
14   Chappell-Johnson anything less than "successful?"

15      A    No.

16      Q    Do you recall whether you gave her ratings
17   that were higher than "successful?"

18      A    No.

19      Q    Do you know Shirley Purnell?

20      A    Yes.

21      Q    How do you know Shirley Purnell?

22      A    She was my immediate supervisor.
```

1    of Laverne Coleman, was he your second or third line
2    supervisor that entire three year period, as the
3    director?
4        A    Yes.
5        Q    Has there ever been a time, and I'm going
6    to say since 2000, since 2000, have you ever had a
7    discussion with Shirley Purnell about Dorothy
8    Chappell-Johnson?
9        A    No.
10       Q    None at all?
11       A    No.
12       Q    Not informal comments, no exchange of e-
13   mails?
14       A    No, not that I recall.
15       Q    What about with Eugene Bell?
16       A    No.
17            MR. SIMPSON:  Let's mark this as Exhibit 1.
18                  (Tyce Deposition Exhibit No. 1
19                  was marked for identification.)
20            BY MR. SIMPSON:
21       Q    Ms. Tyce, the Court Reporter has handed you
22   what has been marked as Exhibit 1.  Have you seen

1  Q    My term, if you buy that.
2       That was once?
3  A    Yes.
4  Q    How did you find that experience?
5  A    I didn't like it.
6  Q    Do you remember how many applications you
7  had to look at?
8  A    Oh, gosh.  It was quite a bit.
9  Q    Dozens?
10 A    Yes.
11 Q    You don't happen to remember what the
12 position was, do you?
13 A    No.
14 Q    Some things are better left forgotten,
15 aren't they?
16      How is it that you came to serve on an
17 interview panel for a vacancy?
18 A    As a subject matter expert.
19 Q    What is a "subject matter expert?"
20 A    A person who is familiar with the position
21 and the duties of the position.
22 Q    Who told you that you were a subject matter

Page 86

1  Q  Shirley Purnell did not indicate in her e-mail that there was any special responsibility for you as a subject matter expert on this interview panel?

5  A  Correct.

6  Q  Did you review any applications prior to the panel being commenced?

8  A  No.

9  Q  When is the first time you saw any applications?

11 A  Just prior to each interview.

12 Q  Do you recall how long you had to review applications?

14 A  Just a couple of minutes.

15 Q  That was the same for all four of the interviews that you were part of?

17 A  Yes.

18 Q  Did you feel that a couple of minutes was sufficient time for you to review an application?

20 A  Yes.

21 Q  Was there any discussion of the applications prior to the interview starting?

```
1       A    No.
2       Q    None whatsoever?
3       A    No.
4       Q    Were there any discussions of the
5    applications during the panel?
6       A    No.
7       Q    Were there any discussions about the
8    applications after the panel?
9       A    No.
10      Q    Did you have any discussions with Shirley
11   Purnell about the final selection?
12      A    No.
13      Q    Did you have any discussions with Eugene
14   Bell about the final selection?
15      A    No.
16      Q    Were you ever told by Shirley Purnell that
17   you would have input on the selection?
18      A    No.
19      Q    The e-mail didn't contain anything like I
20   look forward to your recommendation or your comments
21   after the panel?
22      A    That is correct.
```

1   Q   As we sit here today, do you have specific
2   knowledge about the employee that is being discussed
3   in this paragraph as to her being retained through
4   the RIF?
5   A   No, I don't.
6   Q   In fact, were you at all involved in this
7   employee's being made a grade 12 because of the RIF?
8   A   No.
9   Q   At the end of the interview process, did
10  you and Mr. Bell each provide Shirley Purnell with
11  your top two candidates?
12  A   No.
13  Q   Did you make any recommendation to Ms.
14  Purnell as to who you believed was the most qualified
15  candidate?
16  A   No.
17  Q   Who did you believe in the process was the
18  most qualified candidate?
19  A   After the interviews, I had two people.  I
20  had Dorothy and another young lady.
21  Q   Do you recall her name?
22  A   No, I don't.

1      Q    Was it a Ms. Salatich? Does that refresh
2 your memory?
3      A    Huh-uh.
4      Q    Of the two people who you believed were
5 best qualified, do you believe one was more qualified
6 than the other?
7      A    No.
8      Q    Would you characterize Ms. Chappell-Johnson
9 as the best qualified, based on the interview
10 process?
11      A    I had two candidates that I thought were
12 best qualified or well qualified.
13      Q    But you didn't have an opinion as to one
14 over the other?
15      A    No.
16      Q    Did you discuss anything regarding your
17 perception of the candidates with Shirley Purnell
18 after the interviews?
19      A    I started to make a comment and I was
20 corrected that we weren't supposed to talk about it
21 or we could not talk about it.
22      Q    Who corrected you?

1    A    Shirley did.

2    Q    And when did that take place?

3    A    It was the end of one interview.

4    Q    What about at the conclusion of all the

5 interviews?

6    A    No, no discussion.

7    Q    Did you have any informal discussions with

8 Shirley after the interviews were completed?

9    A    No.

10    Q    Did you have any discussions with Mr. Bell?

11    A    No.

12    MR. GEORGE:  I have nothing further right

13 now.

14    FURTHER EXAMINATION BY COUNSEL FOR PLAINTIFF

15    BY MR. SIMPSON:

16    Q    I just have a couple.  When I was asking

17 you questions about Exhibit 8, your Affidavit, and I

18 asked you if this document contained information in

19 the form of statements or comments that you had made

20 to the investigator, you had said yes.

21    A    Uh-huh.

22    MR. GEORGE:  "Yes" or "no."

1   A   That is correct.
2   Q   You just indicated in your testimony that after a particular interview, you had considered making a comment to Ms. Purnell. Was that after the first interview?
6   A   I don't recall.
7   Q   It was after one of the interviews?
8   A   Yes.
9   Q   At some point, she said -- what did she say?
11  A   We were not allowed to discuss the candidates.
13  Q   Did she say why?
14  A   No.
15  Q   Did you ask her what the purpose of you all asking the questions then as an interview panel?
17  A   No.
18  Q   Did you think about that?
19  A   No.
20  Q   Were you concerned about that comment, that you were not going to be able --
22  A   No.